Welch, C. J.
There are at least two good reasons, in our judgment, why this application should be refused.
The first of these is, that McGehan did not make any application for his discharge, or ask for a trial, at the November term, 1871, of the Preble court, which is claimed to be the “ second term” intervening after the finding of the indictment, within the meaning of section 161 of the code. That section provides, that if the prisoner is not “brought to trial” before the end of the secoxid term of the court, held after the indictment is found, “ he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.” This section, standing alone, would seem to give the prisoner the right to be dischax’ged at any time after the end of the second tenn, without any actioxx on his part duriixg that term, and simply for the non-action on the part of the state in failing to bring him to trial. But this section must be construed in connection with section 163. That section provides, that “ when an application is made” by the prisoner for his discharge under section 161 (or under section 162), if the court “ shall be satisfied there is material evidence on the part of the state, which can not be had; that reasonable exertions have been made to procure the same, and that there is just ground to believe that such evidence can be had at the succeeding term, the cause may be continued, and the *445 prisoner remanded or admitted to bail, as the case may require.” In the light of both these sections, it is quite evident that an “application” by the defendant during the term, at the end of which he is entitled to his discharge, is contemplated. It is only “ when application is made for the discharge,”-that the state has aright to continue for the causes specified in section 168. Non constat, but that if 1:lie application had been made at the November term, 1871, the state could and would have shown cause for continuance. For aught that appears, the very reason why application was not made at that time, was that the state could show good cause for continuance. No application was made till the February term, 1872, and then the state was relieved from the necessity of showing cause for continuance, for' the reason that the prisoner had the cause continued on his own motion. From the record we are bound to presume that the cause was continued at the November term by consent of parties, or at least without objection, and there is nothing to show that the prisoner, in any form, made known to the court that he insisted on being either discharged or tried at that term, which we think should appear in order to entitle him to a discharge under the statute.
But another answer to this application is, that we can not, in an ex parte proceeding of this nature, review and reverse the judgment of another court. This is in fact what we are asked to do. The discharge of the prisoner provided for in these sections of the code is to be regarded, not as a mere temporary release from imprisonment, but as a discharge from prosecution for the crime or offense. It is, in effect, an acquittal, and the order granting it is a final judgment in the cause, and puts an end to all proceeding therein. The real complaint here is, that the court erred in refusing to render such final judgment in the cause, and instead thereof, remanding the prisoner to custody and continuing the cause. This judgment of the court, until reversed, is a valid judgment, and good authority for the retention of the prisoner in custody. To order *446 the prisoner’s discharge while that judgment, or order, of the court is still in force, would be in effect to reverse the judgment, or order, of the court, and to render a final judgment in the cause, while it is still pending in the court below. Indeed, it would seem that a reversal of the judgment and order of the court below, and the rendition of a final judgment here, by which the prisoner is to be acquitted from the charge, and an end put to the prosecution, is all that is sought from us, and that no question of mere personal liberty is involved in the application. It is alleged in the application that the prisoner is detained in the custody of the sheriff, in the jail of Preble county; but the record appended to the application, and expressly made part of it, and declared to set forth “ all the proceedings ” in the cause, shows that the prisoner has been released from imprisonment, and let to bail; and there is no allegation, nor anything in the record to show that he has ever been surrendered by his bail, or reimprisoned. He is in no sense in the custody of the sheriff, or within his power or control.

Writ refused.